**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

N.E.L., M.M.A., and E.M.M.,

      Plaintiffs,

      v.

MONICA GILDNER, et al.,

      Defendants.

Case No. 17-2155-CM

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiffs N.E.L., M.M.A., and E.M.M.'s Motion to Transfer Case (Doc. 130). Plaintiffs ask this court to reverse the United States District Court for the District of Colorado's decision to transfer the case to this court because it lacked specific jurisdiction over defendants.

This case was transferred to this court from the District of Colorado on March 14, 2017. Plaintiffs filed the present motion on September 25, 2017, more than six months after the case was transferred. Plaintiffs allege the District of Colorado erred in finding it lacked specific jurisdiction because the suit arises out of, or relates to, the contacts defendants had with two Colorado officials and their conspiracy to commit an unlawful seizure in Colorado, and because the deprivation of plaintiffs' constitutional rights occurred in Colorado.

Plaintiffs claim their legal basis for their motion to retransfer is found in *F.D.I.C. v. McGlamery*, 74 F.3d 218, 222 (10th Cir. 1996). In *McGlamery*, the Tenth Circuit found that a transferee court and transferee circuit have the power to "indirectly review the transfer order if the [plaintiff] moves in those courts for retransfer the case." *Id*. at 221. Courts considering a motion to retransfer, however, are constrained by the "law of the case" doctrine. *See Chrysler Credit Corp. v. Country Chrysler, Inc*., 928

F.2d 1509, 1516 (10th Cir. 1991) ("Accordingly, traditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court, including its transfer order."). A prior ruling of a transferor court, therefore, may only be reconsidered when 1) the governing law has been changed by the subsequent decision of a higher court, 2) when new evidence becomes available, or 3) when clear error has been committed or to prevent manifest injustice. *Id*. Additionally, a party may choose to challenge the transferor court's decision to transfer a case for lack of personal jurisdiction on appellate review after final judgment. *McGlamery*, 74 F.3d at 222 ("In terms of the effectiveness of review after final judgment, a transfer for lack of personal jurisdiction provides no less opportunity for review than a transfer for improper venue under § 1406(a).").

In reviewing plaintiffs' motion, however, the court finds no good reason to overturn the decision of the magistrate judge in the District of Colorado, which was later adopted by the district court judge. Plaintiffs have not shown any intervening law changes or the discovery of new evidence, nor have they made a sufficient case to show the District of Colorado committed clear error. Personal jurisdiction exists only when the suit arises out of or is related to the defendant's contact with the forum. *Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017). The District of Colorado found defendants did not have the requisite contacts with Colorado, as all of defendants' conduct took place in Kansas with the goal of returning the children to Kansas. The fact they may have contacted officials in Colorado during the execution of a Kansas order or that the children were in Colorado at the time of their alleged illegal seizure are too slight of contacts to overcome the fact that most of the complained of conduct occurred in Kansas.

The court finds plaintiffs have failed to meet their burden to show this court should alter the District of Colorado's decision to transfer the case for lack of personal jurisdiction under the law of the case doctrine. The motion is therefore denied.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Transfer Case (Doc. 130) is denied.

Dated March 1, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**